UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                     Date:  November 25, 2019
Title:    Austin Myers v. Wells Fargo Securities, LLC et al.

Present: The Honorable MICHAEL W. FITZGERALD, U.S. District Judge

| Deputy Clerk: | Court Reporter: |
|---|---|
| Rita Sanchez | Not Reported |

| Attorneys Present for Plaintiff: | Attorneys Present for Defendant: |
|---|---|
| None Present | None Present |

**Proceedings (In Chambers):**   ORDER RE: MOTION TO REMAND [15], MOTION FOR SUMMARY JUDGMENT [17]

Before the Court are two motions:

First, there is the issue of remand. Plaintiff Austin Myers filed a Motion to Remand on July 16, 2019. (Docket No. 12). Plaintiff then filed a revised Motion to Remand, which is the operative motion the Court here considers, on July 17, 2019. (Docket No. 15). On August 23, 2019, Defendant Wells Fargo Securities, LLC ("WFS") filed an Opposition. (Docket No. 19). Plaintiff filed a Reply on September 3, 2019. (Docket No. 23).

Second, there is the Motion for Summary Judgment filed by WFS on August 19, 2019. (Docket No. 17). On August 27, 2019, Plaintiff filed an Opposition. (Docket No. 20). WFS filed a reply on August 30, 2019. (Docket No. 21).

The Court has read and considered the papers filed in connection with the two motions and held a hearing on September 16, 2019.

For the reasons discussed below, the motions are ruled upon as follows:

- Plaintiff's Motion to Remand is **DENIED**. WFS plausibly establishes by a preponderance of the evidence that complete diversity exists and that the amount in controversy exceeds $75,000. Plaintiff's request for attorneys' fees pursuant to 28 U.S.C. § 1447(c) is also **DENIED**.

---

**CIVIL MINUTES—GENERAL**                                                                      1

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                              Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

- WFS's Motion for Summary Judgment is **DENIED**.  WFS's Motion is **DENIED** *as moot* as to Plaintiff's First, Second, and Third Claims, because Plaintiff's requests for injunctive and declaratory relief are moot, based on WFS's representation that it will abide by the TRO through the end of this calendar year.  The Court will revisit this issue should WFS reverse course or if circumstances change.  In light of this ruling, these three Claims are **STAYED**.  As to Plaintiff's Fourth Claim for damages, the Court denies WFS's Motion in order to give Plaintiff a chance to amend the FAC to (1) assert a claim under ERISA, and (2) potentially plead whatever claim is appropriate relating to Plaintiff's claimed IRS penalty, keeping in mind WFS's ripeness argument.

- Finally, Plaintiff's Ex Parte Application for a Continuance of Defendant's Motion for Summary Judgment Hearing (Docket No. 18) is **DENIED** *as moot*.  Plaintiff will be permitted an opportunity to obtain discovery on his new complaint, should it state a claim for relief.

I.   **BACKGROUND**

The following facts are based on the evidence, as viewed in the light most favorable to Plaintiff, the non-moving party.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) (On a motion for summary judgment, "[t]he evidence of the non-movant is to be believed, and all justifiable inferences are to be drawn in his [or her] favor.").

Plaintiff Austin Myers is an employee of WFS "at 2141 Rosecrans Avenue, El Segundo, Los Angeles County, California."  (First Amended Complaint ("FAC") ¶ 1) (Docket No. 1-1).  Defendant WFS is a corporation formed under the laws of the State of Delaware.  (*See* Notice of Removal ("NoR") at 6 (Docket No. 1)).  WFS's principal place of business is in Charlotte, North Carolina, which is where WFS's corporate headquarters and executive offices are located and where WFS's high level-officers coordinate its executive and administrative functions, such as strategic decision making, legal, human resources, accounting, and finance.  (*Id*. (citing Declaration of Brian Farrell ("Farrell Decl.") ¶ 2 (Docket No. 3)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

From 2004 through 2018, Plaintiff was a "commissioned employee who was paid a commission as well as a draw against that commission." (FAC ¶ 5). Since 2016, Plaintiff has voluntarily participated in the Wells Fargo & Company Deferred Compensation Plan (the "Plan"). (WFS's Uncontroverted Facts ("UF") ¶ 2 (Docket No. 17-4); Plaintiff Statement of Genuine Disputes ("SGD") ¶ 2 (Docket No. 20-1)). Section 18 of the Plan states that it is governed "as provided under ERISA" and shall be "construed and administered according to the laws of the State of Minnesota . . . to the extent that such laws are not preempted by ERISA." Declaration of Crystal Goss ("Goss Decl.") Ex. A at 17) (Docket No. 17-3). Section 17 of the Plan states its claims procedure, and provides that the procedure "shall provide adequate notice in writing to any Participant or beneficiary whose claim for benefits under the Plan *has been denied*, setting forth the specific reasons for such denial, written in a manner calculated to be understood by the claimant and shall afford a reasonable opportunity to a claimant whose claim for benefits *has been denied* for a full and fair review by the Company of the decision *denying the claim*." (*Id*. (emphasis added)). This section also provides that "[a] person *claiming a benefit under the Plan* may not initiate a civil action *regarding the claim* unless (a) a claim was timely submitted; (b) all steps under the claims procedure (including appeals) were completed; and (c) the civil action is commenced within one year after completion of the claims procedure." (*Id*. (emphasis added)).

In November 2018, Plaintiff elected to have part of his draw and his commission deferred under the Plan. (UF ¶ 14; SGD ¶ 14). Section 6 of the Plan provides that "an Eligible Employee who wishes to defer Compensation for a Deferral Year must file an irrevocable Deferral Election with respect to that Compensation during the enrollment period specific by the Plan Administrator for that Deferral year, but no later than December 31 of the Plan Year preceding that Deferral year." (Goss Decl. Ex. A at 6). This Deferral Election "shall indicate the amount of Compensation deferred" by "specify[ing] for each Compensation category the amount to be deferred per pay period, expressed either as a percentage or a dollar amount." (*Id*.). The only exception to this system was for an employee who had "not previously been eligible to participate" in the Plan. (*Id*.). Plaintiff indicated on his form that he wished to defer 80% of his "Base Salary," 25% of his "Monthly Commissions/Incentives/Draw," and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                           Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

25% of his "Periodic or Annual Bonus/Commissions/Incentive/Draw."  (*Id*. Ex. B).  Plaintiff contends that he inputted his elections because he "wanted to defer 80% of his advanced draw and 25% of his Commissions."  (SGD ¶ 14).

In February 2019, Plaintiff received a promotion, effective March 2019, whereby Plaintiff would be paid a straight salary and bonus.  (UF ¶ 17; SGD ¶ 17; Goss Decl., Ex. D).  In response to this promotion, on February 22, 2019, Plaintiff emailed WFS, stating "I'm taking a new position that has a different pay structure and I need to change my 2019 deferral elections.  How do I make that change?"  (UF ¶ 18; SGD ¶ 18; Goss Decl., Ex. C).  The executive compensation team responded and stated that, "[p]er the Wells Fargo Deferred Compensation Plan Prospectus . . . [e]ach deferral declaration is irrevocable.  You may not cancel an election to defer, even in the event of mistakes, misunderstandings, or erroneous advice."  (Goss Decl., Ex. C).  Plaintiff responded that he was "changing jobs," which "should be an exception event, right?"  (*Id*.).  In response, the Executive Compensation team responded "[u]nfortunately there are no exceptions."  (*Id*.).  Plaintiff accepted the new position starting on March 1, 2019.  (UF ¶ 21; SGD ¶ 22).

On May 10, 2019, Plaintiff commenced an action against WFS in Los Angeles County Superior Court for declaratory and injunctive relief, and for wages and attorney fees under the California Labor Code based on what he claimed were "erroneous" deferrals of his income under the Plan post March 2019.  (UF ¶ 22; SGD ¶ 22).  On May 17, 2019, Plaintiff filed an Ex Parte Application in California Superior Court ("CA Application") seeking a temporary restraining order which would enjoin WFS from "making, causing, or allowing the transfer of Plaintiff's wages to a compensation deferral plan account from his wages."  (Declaration of Bethany Pelliconi ("Pelliconi Decl."), Ex. B) (Docket No. 17-2); (UF ¶ 23; SGD ¶ 23).  WFS did not oppose the CA Application because it did not receive notice of the CA Application prior to the CA Application being heard.  (Pelliconi Decl. ¶ 2, Ex. B).

On May 23, 2019, in response to the CA Application, the California Superior Court issued an Order to Show Cause ("OSC"), which, among other provisions, stated that "[p]ending hearing on the order to show cause [WFS is] . . . restrained and

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                              Date:  November 25, 2019
Title:       Austin Myers v. Wells Fargo Securities, LLC et al.

enjoined from deferring any portion of Plaintiff's wages." (*Id.*, Ex. C; UF ¶ 27; SGD ¶ 27). On June 5, 2019, the parties jointly stipulated to continue the hearing on the OSC, during which time the Superior Court's order remained in effect. (Pelliconi Decl., Ex. D; UF ¶ 29; SGD ¶ 29). From May 23, 2019 through the present, WFS has paid all of Plaintiff's wages to him, notwithstanding his 2019 election under the Plan. (UF ¶ 31; SGD ¶ 31).

On June 14, 2019, WFS timely removed the action, invoking the Court's diversity jurisdiction and federal question jurisdiction. (NoR ¶¶ 9-31). Plaintiff's Motion to Remand was filed on July 16, 2019, 31 days after WFS's removal. (Docket No. 12).

## II.     THE MOTION TO REMAND

WFS removed the action to this Court on the basis of diversity jurisdiction and federal question jurisdiction. (NoR ¶¶ 9-31). Because the Court determines that it has diversity jurisdiction, it need not address whether federal question jurisdiction also exists.

### A.     LEGAL STANDARD

In general, "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants, to the district court[.]" 28 U.S.C. § 1441(a). A removing defendant bears the burden of establishing that removal is proper. *See Abrego v. The Dow Chem. Co.*, 443 F.3d 676, 684 (9th Cir. 2006) (per curiam) (noting the "longstanding, near-canonical rule that the burden on removal rests with the removing defendant"). If there is any doubt regarding the existence of subject matter jurisdiction, the court must resolve those doubts in favor of remanding the action to state court. *See Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992) ("Federal jurisdiction must be rejected if there is any doubt as to the right of removal in the first instance.").

In most circumstances, "federal district courts have jurisdiction over suits for more than $75,000 where the citizenship of each plaintiff is different from that of each

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                    Date:  November 25, 2019
Title:    Austin Myers v. Wells Fargo Securities, LLC et al.

defendant." *Hunter v. Philip Morris USA*, 582 F.3d 1039, 1043 (9th Cir. 2009) (citing 28 U.S.C. § 1332(a)).

The Ninth Circuit employs the following framework for determining the amount in controversy on removal. First, a "court may consider whether it is 'facially apparent' from the complaint that the jurisdictional amount is in controversy." *Singer v. State Farm Mut. Automobile Ins. Co.*, 116 F.3d 373, 377 (9th Cir. 1997). If not, the court may consider facts in the removal petition and require parties to submit "summary-judgment-type evidence" relevant to the amount in controversy. *Id.*; *see also Corbelle v. Sanyo Elec. Trading Co.*, No. CV03-01509, 2003 WL 22682464, at *3 (N.D. Cal. Nov. 4, 2003). "[T]he defendant seeking removal bears the burden of proof to establish by a preponderance of the evidence that the amount-in-controversy requirement is satisfied." *LaCross v. Knight Transp. Inc.*, 775 F.3d 1200, 1202 (9th Cir. 2015) (citation omitted).

### B.  DISCUSSION

Plaintiff argues that this Court does not have diversity jurisdiction for two reasons. First, while the parties do not dispute that Plaintiff is a citizen of California for diversity purposes, Plaintiff argues that WFS is ***also*** a citizen of California for the purposes of diversity, because WFS's activities "substantially predominate[]" in California. (Remand Motion at 9). Citing *Hertz Corp. v. Friend*, 559 U.S. 77 (2010) ("*Hertz*"), Plaintiff argues that WFS's "operations hub is in San Francisco" and therefore "most of its relevant business activity occurred in California." (Remand Reply at 3 (citing website which lists California address for "Wells Fargo Securities LLC")). Second, Plaintiff argues that WFS impermissibly relies on privileged settlement communications in order to establish the requisite $75,000 amount in controversy. Plaintiff points to the fact that each email relied on by WFS "had in its subject line a specific reference that the communications were pursuant [to] California Evidence Code Section 1152." (Remand Motion at 11). Plaintiff also faults WFS for basing its reliance on the privileged communications on cases which analyzed the ***mediation*** privilege, a different standard. (*Id.*). Because none of the exceptions to the privilege apply, Plaintiff argues it was improper for WFS to rely on these emails to

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                           Date:  November 25, 2019
Title:    Austin Myers v. Wells Fargo Securities, LLC et al.

establish the amount in controversy.  (*Id*. at 11-12).  At the hearing, Plaintiff's counsel again emphasized that it was improper for WFS, or the Court, to consider privileged settlement communications in order to determine the amount in controversy.

WFS responds with three arguments.  First, WFS argues that Plaintiff's Motion to Remand should be denied as it was untimely.  (Remand Opposition at 1).  WFS points out that a party seeking remand is required to file its motion "within 30 days after the filing of the notice of removal," but Plaintiff filed its first Remand Motion one day after the 30-day time-period elapsed.  (*Id*. at 1-2 (citing 28 U.S.C. § 1447(c)).  Second, WFS argues that diversity jurisdiction is established, and was established in its Notice of Removal.  (*Id*. at 2).  Specifically, WFS notes that (1) it is a corporation formed under the laws of the State of Delaware, and (2) it has its "principal place of business in North Carolina, where its corporate headquarters and executive officers are located and where its high-level officers direct and coordinate its activities."  (*Id*.).  Thus, under *Hertz*, WFS argues that its "nerve center" is not in California.  (*Id*.).  Third, WFS argues that Plaintiff "fails to dispute that the amount in controversy in this action exceeds $75,000" and cites case law which it argues supports its position that "Courts uniformly accept privileged settlement communications as evidence of the amount in controversy for purposes of determining removal jurisdiction."  (*Id*. at 3 (citing cases)).

The Court agrees with WFS.  Even if the Court disregards that Plaintiff's Remand Motion was untimely, WFS has established diversity jurisdiction.  Regarding the diversity of the parties, the parties do not dispute that Plaintiff is a citizen of California for the purposes of diversity jurisdiction.  As for WFS's citizenship, in connection with its Notice of Removal, a WFS employee declared that WFS "conducts its primary operations, including, but not limited to, those relating to its policies and procedures, human resources, legal affairs, marketing, tax, benefits, information technology, and finance" from its North Carolina "headquarters."  (Farrell Decl. ¶ 2).  That same employee also declared that the "majority of WFS's high-level executives maintain their offices in Charlotte, NC, which is the location of the majority of its administrative and managerial activities, and the primary, permanent base of its operations."  (*Id*.).  These statements, which are not rebutted by Plaintiff's citation to a

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                    Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

third-party website, are sufficient to demonstrate WFS is not a citizen of California for the purposes of diversity.  *See Hertz*, 559 U.S. at 93, 130 S.Ct. 1181 (The "nerve center . . . should normally be the place where the corporation maintains its headquarters—provided that the headquarters is the actual center of direction, control, and coordination."); *Harwood v. Option Care Enterprises, Inc.*, No. CV 19-1239-MWF (ASX), 2019 WL 1952692, at *5 (C.D. Cal. May 2, 2019) (Fitzgerald, J.) (Declaration by employee of defendant "sufficiently established" corporate citizenship).

As for the amount in controversy, the parties do not dispute that the amount in controversy exceeds $75,000; they dispute only whether the Court can consider this information as it is gleaned from emails made in the course of settlement negotiations.  While Plaintiff faults WFS for relying on cases discussing ***mediation*** settlement privilege, the Court does not agree with Plaintiff that those cases are distinguishable on that basis.  Regardless, courts have routinely concluded that the settlement privileges at issue here (California Evidence Code § 1152 and Federal Rule of Evidence 408) do not bar consideration of an offer to compromise to determine the amount in controversy.  *See, e.g.*, *Hauer v. Priceline., Inc.*, No. C 08-02608 JSW, 2008 WL 3286980, at *2 n.1 (N.D. Cal. Aug. 6, 2008) (Party "objects to this evidence on the grounds that it is inadmissible under . . . California Evidence Code § 1152.  California Evidence Code § 1152 bars the admission of offers to compromise to prove liability . . . Here, [party] has submitted this evidence to prove the amount in controversy . . . not to prove [party's] liability for his claims.  Therefore, the Court finds that this evidence is admissible."); *Cohn v. Petsmart, Inc.*, 281 F.3d 837, 839 n.3 (9th Cir. 2002) (settlement offers used to prove the amount in controversy are not used to prove liability, which is what Rule 408 forbids); *Harwood*, 2019 WL 1952692, at *4 (same).

Accordingly, the Court determines that WFS has met its burden of establishing the amount in controversy and that the Court has diversity jurisdiction over this action.  Plaintiff's Motion to Remand is **DENIED**.  Plaintiff's request for attorneys' fees is, of course, likewise **DENIED**.

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO					Date:  November 25, 2019
Title:	Austin Myers v. Wells Fargo Securities, LLC et al.

### III. MOTION FOR SUMMARY JUDGMENT

Having concluded that the Court possesses subject matter jurisdiction over the action, the Court will now rule on the WFS's Motion for Summary Judgment.

#### A. LEGAL STANDARD

In deciding a motion for summary judgment under Federal Rule of Civil Procedure 56, the Court applies *Anderson*, *Celotex*, and their Ninth Circuit progeny. *Anderson*, 477 U.S. at 242; *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986).  "The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a).

The Ninth Circuit has defined the shifting burden of proof governing motions for summary judgment where the non-moving party bears the burden of proof at trial:

> The moving party initially bears the burden of proving the absence of a genuine issue of material fact.  Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case.  Where the moving party meets that burden, the burden then shifts to the non-moving party to designate specific facts demonstrating the existence of genuine issues for trial.  This burden is not a light one.  The non-moving party must show more than the mere existence of a scintilla of evidence.  The non-moving party must do more than show there is some "metaphysical doubt" as to the material facts at issue.  In fact, the non-moving party must come forth with evidence from which a jury could reasonably render a verdict in the non-moving party's favor.

*Coomes v. Edmonds Sch. Dist. No. 15*, 816 F.3d 1255, 1259 n.2 (9th Cir. 2016) (quoting *In re Oracle Corp. Sec. Litig.*, 627 F.3d 376, 387 (9th Cir. 2010)).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                Date:  November 25, 2019
Title:       Austin Myers v. Wells Fargo Securities, LLC et al.

"A motion for summary judgment may not be defeated, however, by evidence that is 'merely colorable' or 'is not significantly probative.'" *Anderson*, 477 U.S. at 249-50

**B.     DISCUSSION**

WFS seeks summary judgment on four grounds. First, WFS argues that Plaintiff's claims are barred because he "failed to exhaust administrative remedies." (MSJ at 5-6). Second, WFS argues that all of Plaintiff's claims are barred because Plaintiff "cannot establish that the challenged conduct violated any particular aspect of the Plan language." (*Id*. at 6-7). Third, WFS argues that Plaintiff's claims for injunctive and declaratory relief are barred for lack of standing and mootness because (i) the declaration Plaintiff is seeking deals with his past salary, and (ii) the OSC forces WFS to give Plaintiff the relief he is seeking. (*Id*. at 7-9). Finally, WFS argues that Plaintiff's fourth cause of action, based on alleged violations of the California Labor Code, is preempted by ERISA. (*Id*. at 9-10).

**1.     Exhaustion of Administrative Remedies**

WFS argues that Plaintiff was required to exhaust his administrative remedies before filing this action. Specifically, WFS posits that because the Plan is a "top hat plan," it is governed by ERISA, which "mandates that an employee benefit plan afford a reasonable opportunity for a full and fair review of any decision denying a claim under such a plan." (MSJ at 5-6 (citing 29 U.S.C. § 1133(2))). WFS cites case law that states that "[b]efore the substance of an ERISA benefits claim can be heard in federal court, judicial doctrine requires that the plaintiff first exhaust the administrative claims procedure established by the employer." (*Id*. at 6 (citing *Bechtol v. March & McLennan Companies Inc*., 2008 WL 238588, at * 4 (W.D. Wash Jan. 28, 2008); *Chappel v. Laboratory Corp. of America*, 232 F.3d 719, 724 (9th Cir. 2000)). WFS points to Section 17 of the Plan in support of its argument. (UF ¶¶ 8-9). To WFS, because (1) the Plan provided for a claims procedure that was required to be exhausted,

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                Date:  November 25, 2019
Title:        Austin Myers v. Wells Fargo Securities, LLC et al.

and (2) Plaintiff never utilized it, Plaintiff's claims are barred.  (MSJ at 6).  At argument, WFS's counsel reemphasized these points.

In Opposition, Plaintiff makes three points.  First, Plaintiff argues that "this is not an ERISA case," therefore the doctrine of exhaustion would not apply.  (MSJ Opposition at 3).  Second, Plaintiff argues that exhaustion does not apply because "WFS never notified [Plaintiff] that he had a right to appeal the characterization of his compensation under its Plan."  (*Id*. at 3-4).  Finally, Plaintiff argues that WFS's exhaustion argument fails because "there has been no discovery on this new issue of [Plaintiff]'s right to appeal."  (*Id*. at 4).  At hearing, Plaintiff's counsel also argued that Plaintiff was forced to file this action without exhausting his administrative remedies because so much of his salary was being deferred that he was not able to meet his living expenses and he thus sought relief from the courts as quickly as possible.

For purposes of argument, the Court will agree with Plaintiff.  WFS is correct that ERISA governs the Plan, and that ERISA has an administrative exhaustion requirement.  Courts have held it is irrelevant whether plaintiff had notice of said exhaustion requirement except in circumstances where "a plan administrator actively denies an insured meaningful access to information regarding review procedures in the face of attempts by the insured to obtain it." *Harrison v. California Care*, No. C-93-4028, 1994 WL 69469, at *3-4 (N.D. Cal. Feb. 14, 1994)

However, it is unclear that this exhaustion requirement would apply to a situation, such as here, where Plaintiff is not challenging the denial of a claim for a benefit.  Section 17 of the Plan illustrates this well, as it plainly applies only to individuals "whose claim for benefits under the Plan has been denied."  (Goss Decl., Ex. A at 17).  Additionally, prior to discovery, it is unclear whether Plaintiff made any attempts to inquire regarding his right to appeal, and if he did, how WFS responded. (*See* Declaration of Vida M. Holguin ("Holguin Decl.") ¶ 6 ("Based upon my review of the MSJ pleadings, there is significant discovery needed for Plaintiff to provide a full opposition.  Regarding the issue of 'exhaustion,' no evidence has been presented that WFS ever told Plaintiff of his right to appeal the decision to deny his request that his 'salary' not be deferred like his commission compensation.") (Docket No. 18-1).

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                    Date:  November 25, 2019
Title:      Austin Myers v. Wells Fargo Securities, LLC et al.

Thus, the Court cannot say, as a matter of law and prior to Plaintiff taking discovery on this issue, that Section 17 and ERISA's exhaustion requirement applies to a plaintiff who is not challenging the denial of a claim and did not know about the claims procedure appeal process.

### 2. Plaintiff's First, Second, and Third Claims Fail on Mootness or Ripeness Grounds

WFS next argues that Plaintiff's First, Second, and Third claims, which solely seek injunctive and declaratory relief, are barred for three reasons. (MSJ at 7-9). First, WFS argues that the declaration Plaintiff seeks, that his "base salary is not a sales draw against any commission, and a sales draw against commission is not a base salary," is moot because Plaintiff currently has a base salary. (*Id*. at 7). Because the "requested declaratory relief would have no impact on any current or future conduct of the parties in this matter," WFS argues that declaratory relief "is not proper" when, as here, the requesting party "is merely attempting to demonstrate that an error or omission occurred in the past." (*Id*.)

Second, WFS argues that Plaintiff's similar request to enjoin Defendants from (1) "characterizing Plaintiff's base salary deferral election as an equivalent to a deferral election akin to his prior commission draw elections" and (2) "characterizing Plaintiff's base salary as a commission draw for purposes of deferred compensation" fails for the same reasons. (*Id*. at 8).

Finally, as another basis for declaring these claims moot, WFS argues that, since the OSC issued in June 2019, WFS "is no longer deferring any of Plaintiff's income under his 2019 election and, accordingly, Plaintiff's claims for declaratory and injunctive relief are moot." (*Id*. at 9). At the hearing, WFS's counsel represented that WFS has no plans to change this position prior to the end of this calendar year, at which time Plaintiff will have the ability to change his election and rectify this issue.

In his Opposition, Plaintiff responded that his requests for declaratory and injunctive relief were not moot because "Plaintiff faces [a] significant penalty for the tax year 2019 directly related to WFS'[s] mischaracterization of his salary." (MSJ

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                                Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

Opposition at 4-5). Accordingly, "WFS'[s] refusal to correct this error exposes [P]laintiff to future harm by way of the significant tax penalty. (*Id*. at 5). In reply, WFS responded that "any claim for declaratory or injunctive relief for the [tax] penalties would be barred for lack of ripeness because the anticipated penalties are contingent." (MSJ Reply at 7-8). At the hearing, Plaintiff's counsel reemphasized the "huge" IRS penalty Plaintiff was facing, but did not provide any additional context, other than saying if permitted Plaintiff would seek discovery into his IRS damages.

The Court agrees with WFS, as the FAC currently stands. Plaintiff does not dispute that he cannot pursue declaratory or injunctive relief based on the factual allegations in the FAC which deal solely with WFS's past election and Plaintiff's alleged past harm, but instead relies on his new allegations that Plaintiff might be harmed by WFS's actions by way of a significant tax penalty. (MSJ Opposition at 4-5). The Court will permit Plaintiff to amend the FAC, as discussed below, and with that amendment Plaintiff is welcome to add allegations regarding the IRS, subject to WFS's ripeness defense. However, at this stage, crediting WFS's counsel's representations that WFS will continue to abide by the TRO through the end of the calendar year, the Court agrees with WFS that Plaintiff's request for declaratory or injunctive relief is moot.

Accordingly, WFS's Motion is **GRANTED** as to Plaintiff's First, Second, and Third Claims. As discussed at hearing, the Court will withhold issuing final judgment on these Claims until the end of the calendar year.

### 3.     Plaintiff's Fourth Claim

WFS next argues that Plaintiff's Fourth Claim, which alleges various violations of the California Labor Code, fails to adequately allege a claim under ERISA. First, WFS argues that top hat plans, like the Plan, are "subject to the enforcement provisions of ERISA" which allow a "plan participant or beneficiary" only to "bring a civil action to recover benefits due to him under the terms of his plan, to enforce his rights under the terms of the plan, or to clarify his rights to future benefits under the terms of the plan." (MSJ at 6 (citing 29 U.S.C. § 1132(a)(1)(B)). The purpose of such a suit is to "equitably enforce the terms of the plan at issue using federal common law contract

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                    Date:  November 25, 2019
Title:    Austin Myers v. Wells Fargo Securities, LLC et al.

principles." (*Id.*).  In this instance, WFS argues that "Plaintiff cannot establish that the challenged conduct violated any particular aspect of the Plan language – nor does he even allege facts to show that any term of the Plan was violated by the deferrals at issue." (*Id.* at 7).  This is because the "terms of the Plan clearly provide for 'irrevocable' elections for deferred income under the Plan" and it is "undisputed that Plaintiff's election for 2019 was for a deferral of 80% of his base salary." (*Id.*).  Because WFS "processed the deferral in accordance with that election under the Plan until it was enjoined from doing so," WFS argues that Plaintiff cannot establish that WFS "engaged in any act that violated the terms of the Plan." (*Id.*).  At the hearing, WFS's counsel also argued that the Court could make this determination right now, because no additional discovery was necessary for adjudication of this claim.  Specifically, because the Court has the plan documents, Plaintiff's deferral election, and the emails back and forth between the parties, WFS's counsel argued at the hearing that discovery would be "pointless."

In opposition, Plaintiff's only response to this argument is that "Plaintiff is not alleging a violation of ERISA nor alleging a breach of fiduciary duty against 'top hat plan' administrators," and instead this was an "IRS matter." (MSJ Opposition at 4).  At the hearing, Plaintiff's counsel also argued that under Rule 26, Plaintiff is entitled to relevant discovery, which would go into how the initial deferral characterization was made by WFS, and whether WFS discussed this or reported it to the IRS.

The Court disagrees with WFS, in part, and agrees with WFS in part.  First, while WFS argues that Plaintiff did not respond to this argument substantively, because Plaintiff is the non-movant, the Court will consider Plaintiff's statements that "Plaintiff is not alleging a violation of ERISA" as a response to WFS's argument.  However, the Court agrees with WFS that "Top Hat plans remain subject to the enforcement provisions of ERISA codified at 29 U.S.C. § 1132(a)." *Carr v. First Nationwide Bank*, 816 F. Supp. 1476, 1486 (N.D. Cal. 1993).  There is no factual dispute that the Plan at issue here is a "top hat" plan. (UF ¶ 3).  Plaintiff contends that he has "insufficient evidence to admit or deny or comment" on whether the Plan is a "top hat plan governed by ERISA." (SGD ¶ 3).  But, without more explanation as to how discovery could lead to a dispute as to this fact, given the Plan itself states that it

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES—GENERAL

Case No.  CV 19-5245-MWF-RAO                    Date:  November 25, 2019
Title:     Austin Myers v. Wells Fargo Securities, LLC et al.

is governed by ERISA, Plaintiff's statement is insufficient to create a material dispute. Accordingly, ERISA governs the Plan.

While the Court agrees that ERISA governs the Plan, the Court believes it is premature to determine whether Plaintiff can state a claim for relief under ERISA, considering that (1) Plaintiff has not tried to plead an ERISA claim, and (2) Plaintiff has not been given the opportunity to take any discovery into WFS's alleged mischaracterization of Plaintiff's deferral election.  As a result, the Court will give Plaintiff a chance to amend the FAC to state a claim under ERISA.

Accordingly, WFS's Motion is **DENIED** as to Plaintiff's Fourth Claim.

### 4. Preemption by ERISA

Because the Court determines that Plaintiff should be permitted to amend the FAC in an attempt to state his claim under ERISA, the Court does not address WFS's preemption arguments.

## IV. CONCLUSION

Plaintiff's Motion to Remand is **DENIED** and its request for attorneys' fees is **DENIED.**

WFS's Motion for Summary Judgment is **DENIED**.  Any activity in the action related solely to the First, Second, or Third Claims shall be **STAYED** so long as WFS obeys the TRO.

Plaintiff may file a Second Amended Complaint on or before **December 9, 2019**.  WFS shall file a response to the Second Amended Complaint by no later than **December 23, 2019**.

IT IS SO ORDERED.